FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

August 7, 2023

Christopher M. Wolpert
Clerk of Court

---

EDINA HARSAY,

    Plaintiff - Appellant,

v.

MARLA LUCKERT, Chief Justice of Kansas Supreme Court, in her official capacity; DAN BILES, Justice of Kansas Supreme Court, in his official capacity; EVELYN Z. WILSON, Justice of Kansas Supreme Court, in her official capacity; KEYNEN WALL, JR., Justice of Kansas Supreme Court, in his official capacity; MELISSA TAYLOR STANDRIDGE, Justice of Kansas Supreme Court, in her official capacity; ERIC S. ROSEN, Justice of Kansas Supreme Court, in his official capacity; KANSAS SUPREME COURT,

    Defendants - Appellees.

No. 22-3182
(D.C. No. 5:21-CV-04080-EFM-ADM)
(D. Kan.)

---

## ORDER AND JUDGMENT[*]

---

Before **MATHESON**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Edina Harsay appeals pro se[1] from the district court's dismissal of her complaint against the Supreme Court of Kansas and Justices of that court for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. She also appeals the denial of her motion to amend her complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

The University of Kansas hired Ms. Harsay for a tenure-track position on its faculty. After a multilayered tenure-review process, the University's Chancellor denied Ms. Harsay tenure, and the University terminated her employment.

### A.     State-Court Petition for Judicial Review

Ms. Harsay petitioned for judicial review of the University's tenure decision in Kansas state court, alleging it was not supported by substantial evidence and was unreasonable, arbitrary, or capricious. The state trial court ruled against Ms. Harsay. The Kansas Court of Appeals reversed, holding the University's decision was not subject to meaningful appellate review because the Chancellor had received inaccurate information regarding Ms. Harsay's record of research productivity. The court said it could not speculate whether the Chancellor would have made a different tenure decision had she been informed that Ms. Harsay had been awarded five rather

---

[1] Because Ms. Harsay proceeds pro se, we liberally construe her filings, but we do not act as her advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

than only two grants. It therefore remanded to the University to restart Ms. Harsay's tenure review process.

The Supreme Court of Kansas reversed. The court's Opinion described the factual background regarding the University's tenure-review process. It then held (1) meaningful judicial review was not precluded, and (2) the University's tenure decision was supported by substantial evidence when viewed in light of the record as a whole.[2] Addressing Ms. Harsay's contention the record misstated her number of grants, the court concluded, "The single inaccuracy twice mentioned on a subject that was but one feature of one criterion in the three-criterion evaluation process did not fatally pollute that process or necessarily detract from or destroy the many accurate elements the decision makers had before them." *Harsay v. Univ. of Kan.*, 430 P.3d 30, 38 (Kan. 2018). The Supreme Court of Kansas also denied Ms. Harsay's motion for rehearing.

The United States Supreme Court denied Ms. Harsay's petition for a writ of certiorari.

### B.     District Court Action

After her state-court proceedings concluded, Ms. Harsay filed this action in federal district court against the Supreme Court of Kansas and six of that court's Justices. She asserted claims under the Equal Protection and Due Process clauses of the Fourteenth Amendment. Ms. Harsay alleged the Supreme Court of Kansas's

---

[2] The court held Ms. Harsay abandoned her other challenges to the tenure decision.

Opinion included "serious factual inaccuracies and misleading statements." R. at 14. In particular, it omitted the fact that her number of published papers—in addition to her number of grants—had been misstated in the record, and it misleadingly described the effect of the inaccurate grant count on the multi-criterion tenure-review process. She asserted, "[i]f not corrected, the inaccurate and misleading statements in the Opinion will continue to severely harm [her] for the rest of [her] life." *Id.* at 13-14. Ms. Harsay further alleged the Opinion "followed the old law," *id.* at 15; failed to acknowledge or address her key legal arguments, which "were legally correct" and "would have required the Defendants to rule in [her] favor," *id.* at 19; wrongly implied that reasons in addition to her quantity of research resulted in the tenure denial; and failed "to properly apply the law." *Id.*

Ms. Harsay explained, "I realize that I cannot now contest the Defendant[s'] judgment in favor of the University, and thus this is of necessity not primarily about that judgment, nor about any action of the University." *Id.* at 17. She claimed instead that she was harmed by the Supreme Court of Kansas's Opinion. For relief, Ms. Harsay sought "a revised opinion." *Id.* at 22.

Defendants moved to dismiss Ms. Harsay's complaint. Ms. Harsay opposed their motion and also sought leave to file an amended complaint. As relevant here, in her proposed amended complaint she sought "a declaratory judgment that would detail how Defendants' inaccurate, misleading factual statements, as well as the . . . omission of uncontested facts in [her] favor, have caused and continue to cause, severe harm to [her], in violation of [her] constitutional rights." *Id.* at 202-03. She

4

also asked for an injunction ordering "that the Defendants publish a corrective statement, and/or cite a declaratory judgment from this case whenever [her state-court] case is cited." *Id.* at 203.

The district court dismissed Ms. Harsay's complaint for lack of subject-matter jurisdiction because her claims were barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). The court reasoned the relief Ms. Harsay sought would require it to review and reject the Supreme Court of Kansas's findings in the Opinion. It further held that amendment would be futile. Ms. Harsay filed a timely notice of appeal.

## II. Discussion

We review de novo the dismissal of a complaint as barred by the *Rooker-Feldman* doctrine. *See Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). We also review de novo a district court's determination that leave to amend would be futile. *See Seale v. Peacock*, 32 F.4th 1011, 1027-28 (10th Cir. 2022).

"Pursuant to 28 U.S.C. § 1257(a), federal review of state court judgments can be obtained only in the United States Supreme Court." *Tal v. Hogan*, 453 F.3d 1244, 1255 (10th Cir. 2006) (internal quotation marks omitted). "[T]he *Rooker-Feldman* doctrine prevents a party losing in state court from seeking what in substance would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

*Id.* at 1256 (ellipsis, brackets, and internal quotation marks omitted). In sum, the "doctrine recognizes a jurisdictional bar on lower federal courts' review of claims where (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce*, 57 F.4th at 746.

Ms. Harsay does not contest she lost in Kansas state court and the state court proceedings ended before she filed her federal action. *See D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 & n.12 (10th Cir. 2013) (holding *Rooker-Feldman* applies "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved" (internal quotation marks omitted)). But she argues the Supreme Court of Kansas's Opinion itself—rather than the state-court judgment—has caused her injury. She asserts she is not asking a federal court to review and reject the underlying judgment.[3]

We construe Ms. Harsay's argument as attempting to draw a distinction, for purposes of application of the *Rooker-Feldman* doctrine, between the state-court

---

[3] Some of Ms. Harsay's allegations appear to belie her contention that, in filing her federal district-court action, she did not ultimately seek to reverse the Kansas state-court judgment. She claimed the Opinion included legal errors, and that her "legally correct" arguments "would have required the Defendants to rule in [her] favor." R. at 19. Her proposed amended complaint did not meaningfully change that allegation. *See id.* at 200 (stating her arguments were "legally correct" and "would have *pressured* the Defendants to rule in [her] favor" (emphasis added)). But in this appeal we credit her assertion that she sought only relief that would not overturn the state court's judgment in favor of the University.

6

judgment in favor of the University and the Supreme Court of Kansas's Opinion upholding that judgment. She cites no authority, nor are we aware of any, for the proposition that § 1257(a) and *Rooker-Feldman* do not preclude review by a federal district court of a state appellate court's decision upholding a state-court judgment. The *Rooker-Feldman* doctrine "arises by negative inference from . . . § 1257(a)." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006). Pursuant to that section, only the Supreme Court can review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had." § 1257(a); *see Feldman*, 460 U.S. at 486-87 (holding a district court "does not have jurisdiction" "to review a final judicial decision of the highest court of a jurisdiction"). Thus, when a party "in essence has asked the federal district court to review a final decision of [a state's] highest court," the complaint should be "dismissed for lack of subject matter jurisdiction." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986); *see also Kline v. Biles*, 861 F.3d 1177, 1180, 1182 (10th Cir. 2017) (affirming dismissal of claims attacking a Supreme Court of Kansas decision as barred by *Rooker-Feldman*).

Appellate review of the Supreme Court of Kansas's Opinion is precisely what Ms. Harsay sought in the district court. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006) ("Appellate review—the type of judicial action barred by *Rooker-Feldman*—consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law."). In her complaint, Ms. Harsay asked the district court to order the Supreme Court of Kansas to revise its Opinion because it misstated the facts and misapplied the law. In

7

her proposed amended complaint, she asked the district court to declare the Opinion misstated the facts and to order defendants either to "publish a corrective statement," R. at 203, or cause the district court's declaratory judgment to accompany any citation to her state-court case. Thus, in both her original and proposed amended complaints, Ms. Harsay claimed the Supreme Court of Kansas's Opinion caused her harm and, in essence, she asked the federal district court to review and reject, or modify, that decision. This is precisely what *Rooker-Feldman* prohibits. *See Campbell v. City of Spencer*, 682 F.3d 1278, 1284 (10th Cir. 2012) (stating *Rooker-Feldman* applies where "the allegedly wrongful act that caused damage was the state-court order itself"); *see also Rooker*, 263 U.S. at 416 (holding only the Supreme Court may "entertain a proceeding to reverse *or modify*" a state-court judgment allegedly entered in error (emphasis added)).

The district court therefore did not err in dismissing Ms. Harsay's complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Nor did it err in holding that amendment would be futile because the relief she sought in her proposed amended complaint still required the district court to review and reject the Supreme Court of Kansas's Opinion. Thus, *Rooker-Feldman* would require dismissal of her proposed amended complaint for lack of subject-matter jurisdiction. *See Seale*, 32 F.4th at 1027-28 (considering whether amended claims would be dismissed for failure to state a claim in assessing futility of amendment).

### III.   Conclusion

We affirm the district court's judgment.

                                      Entered for the Court

                                      Veronica S. Rossman
                                      Circuit Judge